# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JAMIE LEE WILSON, JR.,**

      **Plaintiff,**

v.                                                                                                                **Case No: 6:23-cv-7-DCI**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Plaintiff's Motion for Attorney Fees (Doc. 34)
>
> **FILED:** January 26, 2024
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part**.

## I.   Background

Plaintiff has filed an opposed motion seeking an award for fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  Doc. 34 (the Motion).  In the Motion, Plaintiff requests an award in the amount of $20,741.91 and an order authorizing payment of that award directly to Plaintiff's counsel.  *Id.*  The Commissioner filed a response, in which the Commissioner argues that Plaintiff's billed hours should be reduced, and Plaintiff should only receive $7,764.78.  Doc. 35 (the Response).  Plaintiff has filed a reply to the Response and seeks additional compensation for drafting the reply.  Doc. 38 (the Reply).

## II.     Standard

A party may recover an award of attorney fees against the government provided the party meets five requirements: 1) the party seeking the award is the prevailing party; 2) the application for such fees, including an itemized justification for the amount sought, is timely filed; 3) the claimant had a net worth of less than $2 million at the time the complaint was filed; 4) the position of the government was not substantially justified; and 5) there are no special circumstances which would make an award unjust.  *See* 28 U.S.C. § 2412(d)(1), (d)(2).

In determining the amount of the fee, courts use the familiar "lodestar" method in determining a reasonable fee award, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party moving for fees has the burden of establishing that the hourly rates and hours expended are reasonable.  *See Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

As for the hours reasonably expended, counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary."  *Hensley*, 461 U.S. at 434.  In demonstrating that their hours are reasonable, counsel "should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303.

"If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary."  *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th. Cir. 1999) (quotations omitted).  But in cases where the fee motion and supporting documents are

voluminous, an hour-by-hour analysis by the court is not required, and the court may apply across-the-board percentage cuts in the number of hours so long as the court provides a concise but clear explanation of its reasons for the reduction. *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994).

### III. Discussion

#### A. Entitlement to Fees

There is no dispute that Plaintiff is entitled to recover reasonable attorney fees. Rather, the dispute lies in the reasonableness of all the hours Plaintiff's counsel and staff billed in prosecuting this appeal. Even so, the Court will consider the relevant factors.

##### 1. Prevailing Party

At the Commissioner's request, the Court reversed the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case for further proceedings. Docs. 31, 32. The Supreme Court has made clear that a plaintiff obtaining a sentence four remand is a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). Accordingly, the Court finds that Plaintiff is a prevailing party.

##### 2. Timely Application

A plaintiff must file an application for fees and other expenses within 30 days of the "final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). A final judgment is defined as a judgment that "is final and not appealable." *Id*. at § 2412(d)(2)(G). The Commissioner generally has 60 days in which to appeal, thus a judgment typically becomes final after 60 days. Fed. R. App. P. 4(a)(1)(B). A plaintiff then has 30 days in which to file the motion for EAJA fees. Therefore, a motion for EAJA fees is timely if it is filed within 90 days after the judgment is entered. *Jackson v. Chater*, 99 F.3d 1086, 1095 n.4 (11th Cir. 1996).

Judgment in this case was entered on October 31, 2023, and Plaintiff filed the Motion on January 26, 2024. Docs. 33, 34. Accordingly, the Court finds that the Motion is timely.

### 3. Claimant's Net Worth

Plaintiff states that Plaintiff had a net worth of less than $2 million when the complaint was filed. Doc. 34 at 3. This statement is uncontroverted. Accordingly, the Court finds that Plaintiff's net worth was less than $2 million when the complaint was filed.

### 4. Government's Position Not Substantially Justified

"The government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person – i.e. when it has a reasonable basis in both law and fact." *U.S. v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995) (internal quotations omitted). The Commissioner bears the burden of proving that the position was substantially justified. *U.S. v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). Therefore, unless the Commissioner comes forth and satisfies the burden, the government's position will be deemed not substantially justified. In this case, the Commissioner only argues that the hours billed were excessive; the Commissioner does not argue that the government's position was substantially justified. *See* Doc. 35. Accordingly, the Court finds that the government's position was not substantially justified.

### 5. No Special Circumstances

The Court finds that no special circumstances would make an award of fees unjust. Based on the foregoing and the Commissioner's lack of opposition, the Court finds that Plaintiff is entitled to an award of EAJA fees.

### B. Reasonableness of the Fee Request

The Court turns next to the reasonableness of the requested award. Plaintiff had three attorneys and seven paralegals work on the appeal and requests an award based on a total of 92.3

hours worked at varying rates for a total fee of $20,741.91. Doc. 34 at 6.[1] With respect to attorney Daniel Brady (Attorney Brady), Plaintiff seeks compensation for 81.6 hours of the work performed. *Id*. at 4. As for attorneys Melissa DelGuercio (Attorney DelGuercio) and Edward Wicklund (Attorney Wicklund), Plaintiff requests compensation for a total of 2.0 hours. *Id*. at 4-5. Plaintiff also includes in the request for a fee award the following paralegal time: (1) 1.9 hours for Jake Marshall (Paralegal Marshall); (2) 1.0 hour for Almir Salkic (Paralegal Salkic); (3) .6 hours for Kristen Harrington (Paralegal Harrington); (4) .4 hours for Ivonne Santana (Paralegal Santana); (5) 5.5 hours for Brenden Perrigo (Paralegal Perrigo); and (6) .2 hours for Jordan Harcleroad (Paralegal Harcleroad). *Id*. at 5-6.[2]

In general, the Commissioner argues that the Middle District of Florida has recognized that more than 30 hours is unusual to spend on a Social Security case and the hours claimed in this case are clearly excessive. Doc. 35 at 7. Indeed, "in this District, 'an award in excess of thirty hours is uncommon.'" *Davis v. Comm'r of Soc. Sec.*, 2022 WL 22445247, at *2 (M.D. Fla. Aug. 29, 2022), *report and recommendation adopted by*, 2024 WL 516691 (M.D. Fla. Feb. 9, 2024) (quoting *Huntley v. Comm'r of Soc. Sec.*, 2013 WL 5970717, at *2 n.1 (M.D. Fla. Nov. 8, 2013)).

Plaintiff asserts that the 20- to 40-hour average for Social Security cases is "antiquated" and cites to a few cases that go beyond that range. Doc. 38 at 5, 7-8. But just one of those cases is from this District, and the court's award in that matter was only 45.9 hours for researching and

---

[1] Plaintiff's request for compensation of the time spent on the Reply will be addressed separately. *See* Doc. 38.

[2] Plaintiff also includes in the breakdown paralegal Miguel Negron's (Paralegal Negron) time but claims that he worked 0.0 hours and seeks $0.00 as an award for his time. Doc. 34 at 6. Plaintiff has attached Paralegal Negron's "Ledger" and it reflects "0" for what appears to be time spent on an email with opposing counsel. Doc. 34-10.

drafting the brief. *See Xaymongkhonh v. Comm'r of Soc. Sec.*, 2023 WL 4107236, at *1 (M.D. Fla. June 21, 2023).

Here, a review of CM/ECF reflects that Attorney Brady, the only attorney of record who performed most of the work claimed, is well-versed in social security litigation. Yet Attorney Brady alone expended 81.6 hours of the time claimed, of which 79.6 hours were spent reading the record, notetaking, processing the facts, drafting, and editing. *See* Docs. 38 at 4; 34-2. Considering counsel's experience and knowledge, the fact that Plaintiff has not identified any novel or complex issues in this matter, and since the authority in this District deems awards over 30 hours to be uncommon, it seems the hours claimed are clearly excessive and unreasonable.

The Commissioner, therefore, challenges specific billing entries that are the basis for the 92.3 hours at issue. The Court will discuss the contested billable time.

### 1. Record Review and Drafting the Brief

As the Court touched upon, the bulk of the requested time comes from Attorney Brady's review of the record, organization of the facts, and draft of the brief with edits and revisions. Doc. 34 at 6-7; Doc. 34-2. In total, Plaintiff's attorneys spent 80.6 hours on these tasks (Attorney Brady spent 79.6 hours plus Attorney Wicklund reviewed the draft of the brief and provided suggested edits for 1.0 hour). Docs. 34-2; 34-4.

Plaintiff justifies the hours claimed by citing to the length of the record—6,718 pages—and citing to studies that purportedly reflect the speed at which the average adult reads. Doc. 38 at 4-7. Plaintiff adds that Attorney Brady "used his experience and acted as a prudent attorney by thoroughly reviewing the record and organizing the relevant facts found throughout the entire record." *Id*. at 6.

While the transcript is not short, the Court is not persuaded that a lengthy transcript alone justifies the hours requested. *See Davis*, 2022 WL 22445247, at *3 (rejecting the plaintiff's justification for hours incurred due to the length of the transcript) (citing *Oniell v. Comm'r of Soc. Sec.*, 2021 WL 1929736, at *5 (M.D. Fla. Apr. 13, 2021) (awarding 33.55 hours, reduced from 46.9 hours, despite a transcript that exceeded 5,500 pages), *report and recommendation adopted by*, 2021 WL 1925545 (M.D. Fla. May 13, 2021)).

Plaintiff cites to only one case from this District that found the length of the record warranted the requested award. Doc. 38 at 5-6, citing *Xaymongkhonh*, 2023 WL 4107236, at *1 (M.D. Fla. June 21, 2023). As in the instant case, the court in *Xaymongkhonh* found that the issues are not novel or complex and counsel has extensive experience in Social Security disability cases. *Id*. at *2. Even so, the court found that the 1669-page transcript was "long with over 900 pages of medical records" and the length warranted the additional time spent on the brief. *Id*. But, while it appears that the court relied solely on the record's volume as the basis for the award, the court also specified before reaching the reasonableness determination, that "counsel expended only an additional 2.1 hours in total for the case." *Id*. at *2.

Here, Attorney Brady spent 79.6 hours on just review of the administrative record, organization of the facts, and draft of the brief. Doc. 34-2.[3] Plaintiff cites to nothing that convinces the Court that the vast quantity of hours claimed is justified. Namely, despite the length of the transcript, the brief was only 21 pages long and the statement of facts was limited to 5 pages. Doc. 28 at 4-8. Plaintiff's analysis of one issue was 12 pages and was not complex. Even though Plaintiff contends that Attorney Brady covered three medical opinions in the analysis, the

---

[3] Attorney Brady spent 63.9 hours reviewing, taking notes, and organizing facts and another 15.7 hours drafting, researching, and editing the brief. Doc. 34-1.

assignment of error was that the ALJ's RFC was not supported by substantial evidence. Doc. 28 at 9-21. That argument is not new.

Further, Plaintiff cites to no authority standing for the proposition that the reasonableness of time expended should be based on the amount of time it takes an average person to read. *See* Doc. 38 at 3-4. Likewise, Plaintiff's citation to authority from another circuit on why it is reasonable to spend one hour per page to draft a brief (*See id*. at 7) does not convince the Court to conceive of an award that is almost triple what courts have found in this District to be acceptable. Further, the block-billed nature of Attorney Brady's hours makes review of his time incredibly difficult. Indeed, the vast majority of the time billed by Attorney Brady is listed in ten consecutive time entries in which he bills from 6.8 to 8.6 hours per day as "begin," "continue," or "finish review of CAR, take notes and organize facts." Doc. 34-2 at 3. Due to the nature of the billing entries, if the Court determines that the whole of the hours is unreasonable—as they are—any reduction must necessarily be as imprecise as the information given to the Court.

Further, the Court has extensive experience reviewing records in these cases. These records are rarely pages of unique, single-spaced text, making reference to average reading speed mostly meaningless. Instead, they contain numerous administrative and medical forms and a structure that experienced counsel should be familiar with and navigate efficiently, and the record often contains repetitive and duplicative medical records, making review more efficient as counsel becomes familiar with the record being considered. The concept that experienced counsel seeks approximately two weeks of billable time to read and take notes on such a record is unreasonable on the record before the Court.

In sum, while the Court recognizes that courts have taken into consideration the size of the record when making a reasonableness determination and it appears that at least one court within

this District arguably relied on that factor alone, Plaintiff's briefing on this issue has not persuaded the Court that length without more warrants application of the substantial amount of time sought. Accordingly, a reduction in Attorney Brady's[4] time for review of the record and drafting the brief along with the tasks associated with those entries is appropriate. Specifically, the 79.6 hours Plaintiff claims for the time Attorney Brady spent on the tasks at issue will be reduced to 30 hours.[5] Again, this reduction is based on a review of the totality of the record before the Court. While it could be characterized as a percentage reduction, it is not intended as one. Given the record and the arguments, on the whole, the Court finds that 30 hours is a reasonable number of hours billed to "begin," "continue," and "finish review of CAR, take notes and organize facts." To the extent counsel spent another 49.6 hours on those tasks, the Court finds that expenditure unreasonable and not subject to recovery under the EAJA.

2. **Clerical Tasks**

In addition to the time spent on review and the draft of the brief, the Commissioner requests that .4 hours of attorney time and 7.7 hours of paralegal time be reduced for tasks the Commissioner deems to be clerical in nature. Doc. 35 at 3-7. Time spent on clerical tasks—regardless of whether it was performed by an attorney or a paralegal—is considered a non-compensable overhead expense under the EAJA. *See Gates v. Barnhart*, 325 F.Supp.2d 1342, 1348 (M.D. Fla. 2002) (citing *Mobley v. Apfel*, 104 F.Supp.2d 1357, 1360 (M.D. Fla. 2000)).

With respect to the paralegals' work, the Court agrees that some, but not all, of the time expended is not compensable. Specifically, Plaintiff seeks to include the following tasks:

- "Files received, reviewed and processed from referral source for attorney review" (.1 hr);

---

[4] The Court finds that Attorney Wicklund's time spent on review and edits—1 hour—is reasonable.

[5] The remaining 2.0 hours of the 81.6 Plaintiff claims for Attorney Brady's time is compensable.

- "FDC contract and other rep documents prepared for Client completion" (.6 hr);

- "FDC contract and other rep docs returned via Assure Sign, reviewed for completion" (.3 hr); and

- "Combine, OCR, and live bookmark Federal Court transcript (6718)" (4 hrs).

Docs. 34-6; 34-9.

A court in this District, however, recently found that almost identical tasks relating to a FDC contract, OCR, and files received are clerical. *Taylor v. Comm'r of Soc. Sec.*, 2023 WL 4082125, a t*2 (M.D. Fla. June 20, 2023) (citing *Zabala v. Comm'r of Soc. Sec.*, 2018 WL 6589837, at *3 (M.D. Fla. Dec. 14, 2018)). The Court is also persuaded that these tasks fall within the non-compensable category.

As such, the 8.7 hours Plaintiff claims for the total paralegals' time worked (*See* Doc. 34 at 6) will be reduced to 3.7 hours. The Court finds, however, that the remainder of the paralegal time (phone calls with client, review of the federal remand, and emails with opposing counsel) and the .4 hours of attorney time spent reviewing orders on the Commissioner's requests for extension of time is compensable and will be included in the award. *See Oneill*, 2021 WL 1929736, at *4 (noting that time spent reviewing orders, "which included motions and orders relating to the Commissioner's own requests for extension of time," should be compensable); *Wylie v. Comm'r of Soc. Sec.*, 2017 U.S. Dist. LEXIS 81605, at *10 (M.D. Fla. May 11, 2017) (finding tasks such as review of endorsed order, "ready EAJA Narrative, Time Slips, Exhibits," and a telephone call to client to be compensable).

### 3. Reply Brief

The Court granted Plaintiff leave to file the Reply (Doc. 37) and Plaintiff seeks an additional $512.50 for the time spent on that task. Doc. 38. Specifically, Plaintiff requests an

award for 4.1 hours at a rate of $125.00 for attorney Sara Barthol (Attorney Barthol) to review the Response, research and draft the Reply, and to "implement suggested edits and finalize the [R]eply." *Id*. at 7.

The Court finds these hours reasonable and will incorporate them into the fee award. *See Dewees v. Acting Comm'r of Soc. Sec.*, 2022 WL 1406667, at *5 (M.D. Fla. May 4, 2022) ("Fees for time spent preparing a reply to a response to an EAJA request also are allowed.") (citations omitted).

### 4. Hourly Rate

The EAJA award Plaintiff seeks for Attorney Brady's time spent on this action is based on an hourly rate of $243.13. Doc. 34 at 6. Plaintiff also requests that the Court apply $125.00 per hour for Attorneys DelGuercio and Wicklund's work because they are "non-admitted." *Id*. at 4-5. Also, Plaintiff requests that $75.00 per hour be applied for the work performed by Paralegals Salkic, Marshall, Harrington, Santana, Perrigo, and Harcleroad based on the prevailing market rate. *Id*. at 6.

The Court finds, without opposition, that Attorney Brady's rate of $243.13 is reasonable as it does not exceed the EAJA cap of $125.00 per hour adjusted for inflation.[6] The Court also finds the requested $125.00 hourly rate for the attorneys not admitted to practice in the Middle

---

[6] "The EAJA sets a ceiling of $125.00 on the hourly rate for which attorneys may be compensated under the statute, which courts may adjust upward based on changes in the Consumer Price Index ("CPI"). 28 U.S.C. § 2412(d)(2)(A). *See also* 28 U.S.C. § 2412(d)(2)(A)(ii) (Congress amended the EAJA and changed the statutory rate to $125.00 for all civil actions filed on or after March 29, 1996). Calculations of the cost-of-living adjustment using the CPI show that the average adjusted hourly rate for 2023 is $244.61." *Proffit v. Comm'r of Soc. Sec.*, 2024 WL 477001, at *2 n.1 (M.D. Fla. Jan. 23, 2024), *report and recommendation adopted by*, 2024 WL 474117 (M.D. Fla. Feb. 7, 2024). Plaintiff states that the hourly rate based upon the CPI is $243.13 for work performed in 2023. Doc. 34 at 4 n 2. The Court finds that Plaintiff's claimed hourly rate is reasonable because it does not exceed the cap.

District of Florida and the $75.00 hourly rate for the paralegals to be reasonable. *Taylor*, 2023 WL 4082125, at *1 (approving an hourly rate of $125.00 per hour for lawyers not admitted to practice in this District and $75.00 per hour for the paralegals); *see also*, *Narvaez v. Comm'r of Soc. Sec.*, 2022 WL 16780282, at *3 (M.D. Fla. Nov. 8, 2022) ("Courts in this District have awarded paralegals $75.00 per hour in EAJA cases.") (citing *Schoenfeld v. Berryhill*, 2018 WL 5634000, at *1 (M.D. Fla. Oct. 31, 2018)).

  5. Assignment

Plaintiff requests that the EAJA award be paid directly to counsel. Docs. 34; 34-12. Generally, EAJA fee awards belong to plaintiffs, not their counsel. *Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008). However, such fees may be paid directly to counsel in situations in which a plaintiff does not owe a debt to the government and assigns the right to such fees to his or her attorney. *Astrue v. Ratliff*, 560 U.S. 586, 597, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010).

Here, although it appears that Plaintiff assigned the rights to the EAJA Award to counsel (Doc. 34-12), the assignment does not satisfy the Anti-Assignment Act because it was executed prior to the determination of the EAJA award. *See Huntley*, 2013 WL 5970717, at *5; *Proffitt*, 2024 WL 477001, at *3. Accordingly, the Court concludes that the award of EAJA fee should be made payable to Plaintiff as the prevailing party unless the government wishes to exercise its discretion to honor the assignment and determines Plaintiff does not owe a debt to the government.

## IV. Conclusion

Based on the forgoing, it is **ORDERED** that:

1. Plaintiff's Motion (Doc. 34) is **GRANTED in part** to the extent that Plaintiff is awarded 41.8 hours for this appeal representing a total fee award of $8,820.16;[7]

2. If the government determines that Plaintiff does not owe a debt to the government, the government is permitted to honor Plaintiff's assignment; and

3. The remainder of the Motion (Doc. 34) is **DENIED** in all other respects.

**ORDERED** in Orlando, Florida on April 10, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[7] The award includes compensation for the following time: (1) Attorney Brady—$7,780.16 (32 hrs at $243.13); (2) Attorneys Wicklund and DelGuercio—$250.00 (2 hrs at $125.00); (3) Paralegals—$277.50 (3.7 hrs at $75.00); and (4) Attorney Barthol—$512.50 (4.1 hrs at $125.00).